Case No. 8:19-cv-01816-JFW-KESx         Date: January 17, 2020

Title: ARTHUR LOPEZ v. HSBC BANK USA, N.A., et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   Order to Show Cause Why Arthur Lopez Should Not Be Declared a Vexatious Litigant

## I.  LEGAL STANDARD

The All Writs Act, coupled with federal courts "inherent power" to "regulate the activities of abusive litigants," authorizes district courts to enter pre-filing orders limiting the right of vexatious litigants to file legal actions. De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). Thus, this authority exists independently of the Court's subject matter jurisdiction to decide the merits of the underlying claims. See id. at 1146-47; see also Peabody v. United States, 263 F. App'x 560 (9th Cir. 2008) (affirming vexatious litigant order entered after complaint was dismissed for lack of subject matter jurisdiction).

While courts' authority to enter such orders should be exercised "rarely," "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long, 912 F.2d at 1148. The Ninth Circuit requires four factors ("the De Long factors") be proven before a litigant may be declared vexatious: (1) he/she must be given adequate notice and a chance to oppose a restrictive pre-filing order before it is entered; (2) the district court must present an adequate record for review by listing the case filings that support its order; (3) the district court must further make substantive findings as to the frivolous nature of the filings; and

(4) the order must be narrowly tailored to remedy only the litigant's particular abuses. Id. at 1147-49. In considering whether De Long factors three and four are met, the Ninth Circuit has also directed district courts to consider:

- "the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits";
- "the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?";
- "whether the litigant is represented by counsel";
- "whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel"; and
- "whether other sanctions would be adequate to protect the courts and other parties."

Ringgold-Lockhart v. Cty. of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19 (2d Cir. 1986)); see also Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1056-62 (9th Cir. 2007) (noting that Safir "provides a helpful framework for applying the two substantive factors (factors three and four) of [the De Long] standard").

"To decide whether the litigant's [prior] actions are frivolous or harassing," under the third factor from De Long, "the district court must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims. … An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." Molski, 500 F.3d at 1059 (citation and quotation marks omitted). "Frivolous litigation is not limited to cases in which a legal claim is entirely without merit. It is also frivolous for a claimant who has some measure of a legitimate claim to … assert[] facts that are grossly exaggerated or totally false." Id. at 1060-61. Claims might also be deemed vexatious if the plaintiff "repeatedly assert[s] the same claims in a slightly altered guise," "use[s] the courts to block and hinder various business transactions of the defendants," and/or uses "senseless and unduly burdensome" litigation tactics. Safir, 792 F.2d at 24.

It appears that a vexatious litigant order need not rely only on prior lawsuits that were expressly dismissed as frivolous. For example, in Molski, the Ninth Circuit upheld a vexatious litigant order that was based on a finding that the litigant had "harassed defendants into cash settlements…." 500 F.3d at 1059-60; see also id. at 1052 (noting that "Molski had tried on the merits only one of his approximately 400 suits and had settled all the others").

Additionally, the Central District of California's Local Rules provide in relevant part:

> On its own motion or on motion of a party, after opportunity to be heard, the Court may, at any time, order a party to give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions or other amounts which may be awarded against a vexatious litigant, and may make such other orders as are appropriate to control the conduct of a vexatious litigant. Such orders may include, without limitation, a directive to the Clerk not to accept further filings from the litigant without payment of normal filing fees and/or without written authorization from a judge of the Court or a Magistrate Judge, issued upon such showing of the evidence supporting the claim as the judge may require.
>
> … Any [such] order … shall be based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken.

Local Rules 83-8.2, 83-8.3.

## II.    DISCUSSION

### A.    Notice and a Chance to Respond

Regarding De Long factor one, responding to this Order to Show Cause ("OSC") is Mr. Lopez's opportunity to be heard and oppose entry of a restrictive, pre-filing order.

### B.    Frivolous Nature of the Prior Actions

Regarding De Long factors two and three, the following filings by Mr. Lopez in this Court appear to be frivolous and/or abusive:

|   | Case No. | Title | Summary of Allegations | Disposition |
|---|---|---|---|---|
| 1 | 13-0897 | Lopez v. Our Lady Queen of Angels Catholic School | In June 2012, a private school did not admit his children because of discrimination on the basis of sex, religion, race, and disability, as well as in retaliation in violation of the First Amendment. Lopez admitted that the school cited class size and his | In forma pauperis ("IFP") application was denied and action dismissed because a non-attorney guardian for minors must have counsel under Local Rule 83-2.2.1. |

|   |   |   |   |   |
|---|---|---|---|---|
|   |   |   | failure to timely pay tuition as reasons for the non-admission. |   |
| 2 | 13-1445 | Lopez v. Newport Elementary School | During the 2012-13 school year, public school staff, PTA members, and "local real estate agencies with … ties to" the school discriminated against Lopez and his family on the basis of sex, race, and religion in various ways, e.g., disciplining Lopez's son; failing to comply with a doctor's note about his son; acting "hostile" towards Lopez; failing to hire any full-time male teachers; and choosing not to rent property to Lopez's family. | IFP was denied based on an inadequate showing of indigency. |
| 3 | 13-1800 | Lopez v. Newport Elementary School | Same allegations as in case no. 13-1445, realleged in a new action where Lopez paid the filing fee. | Action was dismissed for lack of prosecution after about 9 months passed without service on defendants; dismissal was affirmed on appeal. |
| 4 | 14-1785 | Lopez v. Newport Dunes Waterfront Resort | Hotel denied Lopez's family housing after they "had resided [there] for approximately 1 year under constant discrimination" on the basis of sex, race, religion and speech. | IFP was denied and the action dismissed because the claims were too vague to establish federal jurisdiction or state a valid claim for relief. |

| 5 | 15-1354 | Lopez v. MUFG Union Bank | Between 2007 and 2012, the defendant banks stole Lopez's trade secrets related to his auto-finance business; declined his business loan application; and foreclosed on his home. These actions were fraudulent, violated various consumer protection statutes, were in retaliation for his reporting of the bank's illegal practices, and were racially discriminatory. | Defendants' motion to dismiss was granted because most of the claims were barred by res judicata (Orange County Superior Court case no. 30-2012-00565003) and the other allegations failed to a state claim; dismissal affirmed on appeal. |
|---|---|---|---|---|
| 6 | 16-2267 | Lopez v. Newport Beach Police Dept. | Initial complaint alleged that police failed to act on "repeated requests" to press charges against his ex-wife for domestic violence for a 2015 incident in which Lopez was charged with domestic violence. He alleged that this was discriminatory on the basis of sex, race, and religion. He asked the court to award him custody of his children, dismiss all state criminal charges, and award damages. Later iterations of the complaint also alleged that police had improperly allowed his ex-wife to possess his Lexus and complained about the bail set after his 2015 arrest. | After he was given several chances to amend, IFP status was denied and the action dismissed for failure to state a claim and based on immunity; the court noted that Lopez had "regularly – and generally without success – pursued similar civil rights actions against local agencies in this Court," listing his prior actions. He filed multiple interlocutory appeals, which where dismissed. |

| | | | | |
|---|---|---|---|---|
| 7 | 17-0297 | Lopez v. Costa Mesa Police Dept. | In February 2015, police conducted an illegal traffic stop and search and discriminated against him based on sex, religion, and race. | Summary judgment was granted for defendants because the undisputed evidence showed that Lopez made an illegal turn over a median and that his car had been unregistered and underinsured for nearly a year. Lopez filed multiple improper interlocutory appeals; his final appeal remains pending (case no. 18-55520). |
| 8 | 17-0488 | Lopez v. Newport Beach Police Dept. | In 2016, police arrested him for violating a restraining order, which was a "bogus charge created … with the assistance" of his ex-wife. He brought "claims of malicious prosecution / false arrest / false imprisonment" and discrimination on the basis of sex, race, and religion. | On IFP screening: claims against city and police department were dismissed for failure to allege policy or custom; discrimination claims were dismissed as conclusory; and malicious prosecution and false arrest claims against investigating officer were allowed to proceed. Summary judgment was granted for the officer because there was probable cause for arrest and prosecution.<br><br>Lopez filed multiple appeals from non-appealable orders; his final appeal remains pending (case no. 18-56452).<br><br>Lopez was ordered to pay sanctions for failing to appear at a status conference. |

| | | | | |
|---|---|---|---|---|
| 9 | 17-0496 | Lopez v. Tustin Police Dept. | In January 2012, tow company put diesel fuel in Plaintiff's gas car, damaging it; police officers who called the tow company and company employees discriminated against him on the basis of sex, race, and religion; this and other negative interactions with police showed broad conspiracy against him by senior officials at various Orange County police agencies. | Dismissed (a) as time-barred with no equitable tolling for 2013 state court action on the same facts that was dismissed for lack of prosecution (Orange County Superior Court case no. 30-2013-00622173); and (b) for failure to state a claim because no facts supported Lopez's claim that defendants acted with discriminatory intent; appeal was found frivolous. |
| 10 | 17-0752 | Lopez v. Irvine Police Dept. | Police discriminated against him on the basis of sex, race, and religion when they: (a) removed his son from his car during an April 2011 traffic stop, citing the lack of a booster seat; and (b) in November 2015, refused to give Lopez back a car that had been improperly given to his ex-wife (see case no. 16-2267). | IFP denied and action dismissed because (a) allegations of discrimination in 2015 incident were conclusory; and (b) claims based on 2011 incident were untimely; Court noted Lopez's "numerous similar frivolous complaints filed in recent months in this district." Multiple appeals were found frivolous. |
| 11 | 17-0845 | Lopez v. Newport Beach Police Dept. | Police and school district conspired to discriminate against him on the basis of sex, race, and religion and violate his "First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights." In 2015, school refused to enroll his son after his | IFP denied and action dismissed after leave to amend, because Lopez "fail[ed] to allege any understandable set of facts showing plausible constitutional violation or |

| | | | disruptive (according to school) conversation with police in school parking lot about discrimination against him and his son; police did not act on his complaints and helped school "cover up." | discrimination"; appeal was found frivolous. |
|---|---|---|---|---|
| 12 | 17-1466 | Lopez v. MUFG Union Bank | Same as 15-1354 (between 2007 and 2012, bank stole trade secrets, declined business loan application, and foreclosed on home). | Dismissed on defendants' motion because claims were barred by res judicata; affirmed on appeal. |
| 13 | 17-1470 | Lopez v. United States | Plaintiff fell at federal courthouse and brought negligence claim under the Federal Tort Claims Act. | Summary judgment for defendants because Lopez did not rebut defense expert's opinion that court walkway was not dangerous; appeal pending (case no. 19-55162). |
| 14 | 17-2038 | Lopez v. California | State, governor, county, and county employee violated his First, Fourth, Fifth, Eighth and Fourteenth Amendment rights in various ways, e.g.: EEOC declined to pursue his religious discrimination claims against his employer; state failed to provide him with qualified pro bono counsel for his civil rights cases; state court judge would not let him discharge his public defender in a 2015 criminal case; every local government entity he has | IFP denied and action dismissed for failure to state a claim because complaint was a "rambling, unintelligible rant" against government officials; court noted that Lopez's "nearly 20 actions raise issue of whether he is a vexatious litigant or approaching threshold." Appeal was found frivolous. |

|   |   |   | interacted with (e.g., DMV, child support office, and probation office) has conspired to violate his civil rights. |   |
|---|---|---|---|---|
| 15 | 17-2163 | Lopez v. Costa Mesa Police Dept. | Same as 17-0297 (in February 2015, police conducted an illegal traffic stop and search and discriminated against him based on his sex, religion, and race) | IFP denied and action dismissed as untimely; Lopez's claim that he "'recently discovered' alleged collusion by senior police personnel in Orange County" was "belied by [his] minimal and conclusory allegations"; appeal was found frivolous. |
| 16 | 17-2165 | Lopez v. Newport Beach Police Dept. | Same as 17-0488 (in 2016, police wrongfully harassed and arrested him after ex-wife accused him of violating restraining order); alleging that city and county "systematically [and] routinely train" their employees to discriminate against Latinos, Catholics, and males. | IFP denied and action dismissed for failure to state a claim and "[b]ecause of the frequency and nature of [Lopez's] frivolous actions in this district"; court noted that allegations were "rambling," "largely unintelligible," and stated "no coherent civil rights violation[s] beyond that which the Court green-lighted against one individual officer … in the 17-0488 action"; appeal was found frivolous. |
| 17 | 17-2379 | Lopez v. Corona Police Dept. | In November 2017, police unlawfully towed his car when it was parked on the street near his house. | Summary judgment for defendants because car was not properly registered and was blocking neighbor's driveway; Lopez ordered to pay Rule 11 sanctions "for |

|   |   |   |   | knowingly submitting a materially doctored document," i.e., a DMV receipt, to try to prove the car was properly registered. Appeal was dismissed for failure to prosecute. |
|---|---|---|---|---|
| 18 | 18-0032 | Lopez v. Santa Ana Police Dept. | Police, city, ticket processing center, and judicial council violated due process and equal protection by only permitting challenges to traffic citations via mail and improperly dismissing and/or processing his civil action in state court. | IFP denied and action dismissed under Rooker-Feldman doctrine and because civil rights claims were "unintelligible." |
| 19 | 18-0093 | Lopez v. The Irvine Co. | Irvine Co. entities refused to rent him an apartment because of his race, which violated his constitutional rights and the federal Fair Housing Act, and was an unfair business practice under California law. | Defendants' motion to dismiss was granted; constitutional claim was dismissed because defendants were not state actors; Fair Housing Act claim was dismissed as time-barred; court declined to exercise supplemental jurisdiction over state-law claim; appeal was found frivolous. |
| 20 | 18-1144 | In re Lopez | Appeal from bankruptcy court orders entered in 2011 and 2012, which Lopez contended violated his equal protection and due process rights | IFP denied and appeal dismissed as untimely and frivolous; appeal to 9th Circuit also dismissed as frivolous |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:19-cv-01816-JFW-KESx

Date: January 17, 2020

Page 11

| | | | | |
|---|---|---|---|---|
| 21 | 18-1145 | In re Lopez | Same | Dismissed as untimely; appeal to 9th Circuit also dismissed as frivolous |
| 22 | 18-1154 | In re Lopez | Same | Dismissed as untimely; appeal to 9th Circuit also dismissed as frivolous |
| 23 | 18-1240 | In re Lopez | Same | Dismissed as untimely; appeal to 9th Circuit also dismissed as frivolous |
| 24 | 19-1143 | Lopez v. Superior Court | Civil rights claims against the state and the local state trial court, as well as a multitude of former employers, state agencies, family members, law enforcement agencies, and national political figures. | IFP denied and action dismissed after Lopez was given a chance to amend; allegations were "unintelligible and frivolous" and/or barred by Eleventh Amendment immunity. |
| 25 | 19-1816 | Lopez v. HSBC Bank, et al. | Claims under various federal consumer protection statutes against banks who foreclosed on his mother's home in 2018, and against former FBI director James Comey, who Lopez alleged failed to investigate Lopez's civil rights complaints | IFP denied and action dismissed for failure to state a claim because Lopez failed to allege facts showing he was a borrower on the loan and because the allegations against Comey were "fanciful." |

      This list contains multiple cases against judges, courts, and prosecutors who are immune from suit. It contains multiple cases against government entities and/or employees alleging that they violated Mr. Lopez's civil rights by doing nothing more than failing to act on his complaints or siding with his ex-wife. In multiple cases, Mr. Lopez alleged that banks, school staff, and/or police officers took actions that otherwise appear lawful because they were motived to discriminate against men, Hispanics, and/or Catholics, without alleging any facts suggesting a discriminatory motive. The cases describe implausible conspiracies, assert time-barred claims,

repeat previously dismissed claims, seek exaggerated damages, and are replete with procedurally improper and/or frivolous appeals.

### C. <u>**Narrowly Tailored Remedy**</u>

Regarding <u>De Long</u> factor four, previous attempts to sanction Mr. Lopez—by ordering him to pay costs under Rule 11, dismissing his actions, and noting the many unmeritorious cases he had filed in this district—appear to have had no deterrent effect.  See <u>Ringgold-Lockhart</u>, 761 F.3d at 1065-66 (holding that, before entering a vexatious litigant order, courts should "consider[] whether imposing sanctions such as costs or fees" would be "an adequate deterrent").

Moreover, it appears that an appropriate pre-filing order may be crafted that is narrowly tailored to Mr. Lopez's vexatious behavior.  The Court's proposed pre-filing order would require Mr. Lopez to obtain pre-filing approval from a District Judge of this Court prior to filing any civil lawsuit in the U.S. District Court for the Central District of California that:

> (1) brings any claim against any public entity or public employee (including but not limited to schools, police officers, police departments, cities, counties, courts, judges, and judicial employees);
>
> (2) alleges that any person or entity (whether public or private) discriminated against Mr. Lopez or his family members on the basis of sex, race, or religion; or
>
> (3) brings any claim against MUFG Union Bank, N.A., MUFG Americas Holdings Corporation, Union Bank, N.A., or Union BanCal Corporation (i.e., the defendants named in case nos. 15-1354 and 17-1466).

<u>See</u>, <u>e.g.</u>, <u>Molski</u>, 500 F.3d at 1061 (approving order requiring vexatious litigant to obtain preapproval for "actions under Title III of the ADA in the Central District of California"); <u>Endsley v. California ex rel. Brown</u>, 627 F. App'x 644, 645 (9th Cir. 2015) (affirming prefiling order that covered "any civil complaint, habeas petition, or IFP application" but striking down provision deeming permission denied if not granted within 30 days); <u>Boustred v. Gov't</u>, No. 08-00546, 2008 WL 4287570, at *3, 2008 U.S. Dist. LEXIS 111090, at *7-8 (N.D. Cal. Sept. 17, 2008) (requiring vexatious litigant to "obtain leave of court before filing any further suits alleging any 'civil rights' claims or conspiracy claims involving parties that he named in this current case or [two specific cases] previously filed in this court")

//

//

## III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that, **on or before February 18, 2020**, Mr. Lopez shall show cause in writing, if any he has, why he should not be declared a vexatious litigant and why the Court should not enter the pre-filing order described above.

Initials of Deputy Clerk <u>JD</u>